**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-24557-CIV-GAYLES**

**KENNEDY WRIGHT**,

**Plaintiff**,

v.

**THORSEN**,
*Assistant Warden, Moore Haven C. F.*, *et al.*,

**Defendants**.
_______________________________________/

## ORDER TRANSFERRING CASE TO MIDDLE DISTRICT OF FLORIDA

**THIS CAUSE** comes before the Court on a *sua sponte* review of Plaintiff Kennedy Wright's *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983. [ECF No. 1].

Plaintiff is an inmate housed at Moore Haven Correctional Facility, located in Moore Haven, Florida. *Id.* at 2. The Complaint appears to allege that Defendants, most of whom are staff at Moore Haven Correctional Facility, failed to provide Plaintiff, who uses a wheelchair, with housing and other accommodations compliant with the Americans with Disabilities Act ("ADA"). *See generally* Compl. The city of Moore Haven is in Glades County, Florida, within the jurisdiction of the United States District Court for the Middle District of Florida. *See* 28 U.S.C. § 89(b) (providing that the Middle District of Florida comprises Glades County).

The general venue statute informs the Court that:

> A civil action may be brought in—(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). Pursuant to 28 U.S.C. § 1406(a), "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." District courts have the authority to transfer cases *sua sponte*. *See Kapordelis v. Danzig*, 387 F. App'x 905, 907 (11th Cir. 2010) (affirming district court's *sua sponte* transfer of case pursuant to 28 U.S.C. § 1406(a)); *Berry v. Salter*, 179 F. Supp. 2d 1345, 1350 (M.D. Ala. 2001) (recognizing that a court "may transfer a case *sua sponte* under either 28 U.S.C. § 1404 or 28 U.S.C. § 1406).

Because "a substantial part of the events or omissions giving rise to the claim occurred" in the Middle District of Florida, the Court finds that the interests of justice favor adjudication of this matter in that district.[1] *See* 28 U.S.C. § 89(b); *see also Fla. Evergreen Foliage v. E.I. Dupont De Nemours & Co.*, 336 F. Supp. 2d 1239, 1304 (S.D. Fla. 2004), *aff'd,* 470 F.3d 1036 (11th Cir. 2006). Accordingly, it is **ORDERED AND ADJUDGED** that this case is **TRANSFERRED** to the Middle District of Florida, Fort Myers Division. *See* M.D. Fla. L.R. 1.04(a) (providing that the Fort Myers Division comprises Glades County). The Clerk is directed to **CLOSE** this case.

[1] The Complaint names as Defendants three staff members of Moore Haven Correctional Facility and the GEO Corporation, a private healthcare corporation that serves the country's incarcerated population. *See* [ECF No. 1 at 4]. According to the Complaint, the GEO Corporation is located at 4955 Technology Way, Boca Raton, Florida, which is within the jurisdiction of the Court. *Id.*; *see also* 28 U.S.C. § 89(c). The Complaint further alleges that the GEO Group employs the individual Defendants, though it identifies them by their respective positions at Moore Haven Correctional Facility. *See id.* at 2–3. Notably, the Complaint's "Statement of Claim" contains no further allegations concerning the GEO Corporation. Rather, the alleged constitutional violations that Plaintiff raises all occurred at Moore Haven Correctional Facility. *See id.* at 6–10. The Court therefore still finds that this matter will be best resolved in the Middle District of Florida.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 22nd day of September, 2026.

**DARRIN P. GAYLES**
**UNITED STATES DISTRICT JUDGE**

cc: **Kennedy Wright**
232617
Moore Haven Correctional Facility
Inmate Mail/Parcels
Post Office Box 719001
Moore Haven, FL 33471
*PRO SE*

**Warden,**
Moore Haven Correctional Facility
Post Office Box 69
Moore Haven, FL 33471-8837

**Dan Johnson, Gen. Couns.**
Florida Department of Corrections
501 South Calhoun Street
Tallahassee, FL 32399-2500
Phone: (850) 488-7052

**Ken Sumpter, Inspector Gen.**
Florida Department of Corrections
Office of Inspector General
501 South Calhoun Street
Tallahassee, FL 32399-2500
Phone: (850) 488-7052