UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KENNEDY WRIGHT
Plaintiff,

v. Case No. 2:26-cv-2564-KCD-NPM

THORSEN, ASHLEY WEBB, L. JACKSON, GEO CORPORATION,

Defendants.
_______________________________/

**ORDER**

Plaintiff Kennedy Wright, a prisoner of the Florida Department of Corrections, initiated this action by filing a *pro se* civil rights complaint. (Doc. 1.) After reviewing the pleadings, the Court dismisses this case under 28 U.S.C. § 1915(g) because Wright did not pay the filing fee as required. Alternatively, the case is dismissed because Wright did not disclose his litigation history on the civil complaint form.

Under § 1915(g), a prisoner cannot proceed *in forma pauperis* if "on 3 or more prior occasions, while incarcerated or detained in any facility, [he] brought an action or appeal in a [federal court] . . . that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *see Lomax v. Ortiz-Marquez*, 140 S. Ct.

1721, 1723 (2020) ("To help staunch a 'flood of nonmeritorious' prisoner litigation, the Prison Litigation Reform Act of 1995 (PLRA) established what has become known as the three-strikes rule." (citation omitted).) And "[a] dismissal of a suit for failure to state a claim counts as a strike, whether or not with prejudice." *Lomax*, 140 S. Ct. at 1727.

The Court takes judicial notice of five lawsuits brought by Wright in the Middle District of Florida that were dismissed for failing to state a claim: *Wright v. Gupta*, No. 3:20-cv-565-MMH-PDB; *Wright v. Carter*, No. 6:16-cv-914-G_S-DAB; *Wright v. Gupta*, No. 3:19-cv-175-HES-PDB; and *Wright v. Napier*, No. 6:16-cv-1343-ORL-18GJK. As Wright has at least three qualifying dismissals, he may not proceed *in forma pauperis* in this case unless he faces imminent danger of serious physical injury.

Wright alleges that, although he is disabled, he has been housed in a non-handicap cell, often with an incompatible cellmate. (Doc. 1.) These vague assertions do not suffice. "General allegations that are not grounded in specific facts which indicate that serious physical injury is imminent are not sufficient to invoke the exception to § 1915(g)." *Niebla v. Walton Correctional Inst.*, No. 3:06cv275/LAC/EMT, 2006 WL 2051307, *2 (N.D. Fla. July 20, 2006). Thus, Wright was required to pay the filing fee when he initiated this action but did not do so. This warrants dismissal under § 1915(g).

The Court also notes that Wright lied on his complaint form. When asked

whether he had filed other lawsuits in state or federal court relating to the conditions of his imprisonment (*see* Doc. 1 at 13), he answered "no" even though a quick check of pacer.gov shows that he has filed at least 30 cases in Florida District Courts and the Eleventh Circuit Court of Appeals.[1] Providing false information to the court also provides a valid ground for dismissing the complaint. *See McNair v. Johnson*, 143 F.4th 1301 (11th Cir. 2025).

Accordingly:

1. This case is **DISMISSED without prejudice** under 28 U.S.C. § 1915(g) and because of Wright's failure to truthfully disclose his litigation history.

2. The Clerk is **DIRECTED** to enter judgment, terminate any pending motions, and close this file.

**ORDERED** in Fort Myers, Florida on October 8, 2026.

Kyle C. Dudek
United States District Judge

[1] https://pcl.uscourts.gov/pcl/pages/search/findParty.jsf